UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  08-20382-CIV-MORENO

ZIONS FIRST NATIONAL BANK,

      Plaintiff,

vs.

ELIBEL, S.A. DE C.V.,

      Defendant.

_____/

### ORDER DISMISSING COUNT III (CONVERSION) BUT DENYING DEFENDANT'S MOTION TO DISMISS AS TO COUNTS I AND II

Defendant Elibel, S.A. de C.V., a Mexican company, issued a $200,000 check to Casa de Cambio Majapara S.A. de C.V. ("Majapara") which Majapara deposited into its bank account at Plaintiff Zions First National Bank.  Plaintiff sent the check out for collection to the payor bank, Ocean Bank, and granted Majapara provisional credit for the check consistent with the terms of its deposit agreement.  Majapara then withdrew $200,000 from its bank account.  Subsequently, Defendant issued a "stop payment" on the check and Plaintiff suffered a loss of $200,000.

Plaintiff brought this action against Defendant for (1) Count I - holder in due course pursuant to Florida Statute § 673.3021, (2) Count II - breach of presentment warranty pursuant to Florida Statute § 673.4171, and (3) Count III - conversion.  Defendant moves to dismiss the Complaint for failure to join Majapara who it alleges is an indispensable party, and for failure to state a cause of action for breach of presentment warranty and conversion.  As Majapara is not an indispensable party and as Plaintiff has stated a cause of action for breach of presentment warranty, Defendant's Motion to Dismiss as to Counts I and II is DENIED.  As Plaintiff has not stated a cause of action for conversion, Defendant's Motion to Dismiss as to Count III is GRANTED.

## I. Legal Standard

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief." *United States v. Baxter Int'l Inc.*, 345 F.3d 866, 880 (11th Cir. 2003). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

## II. Legal Analysis

Defendant first moves to dismiss the Complaint for failure to join an indispensable party. Defendant alleges that Majapara, the payee of the check that was deposited at Plaintiff Zions First National Bank, is an indispensable party. Federal Rule of Civil Procedure 19(a)(1) defines an indispensable or required party who should be joined as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

The Court finds that Majapara is not an indispensable party to this case. First, the Court can afford complete relief to the parties without Majapara's presence. Majapara's presence in this litigation is not necessary to adjudicate the rights and obligations between Plaintiff and Defendant. Second, Majapara will suffer no injustice as a result of a judgment in this case. Having withdrawn the funds at issue, it stands to lose nothing by the determination in this case. Defendant may implead Majapara or bring a separate cause of action against it if it believes it has a claim against it. While the interests of judicial economy may be served by joining Majapara, that does not make Majapara an indispensable party.

Defendant also moves to dismiss Count II of the Complaint for failure to state a cause of action for breach of presentment warranty. Defendant alleges that the presentment warranties in Florida Statute § 673.4171 do not apply to Defendant. Florida Statute § 673.4171(4) states:

> If a dishonored draft is presented for payment to the drawer or an indorser, or any other instrument is presented for payment to a party obliged to pay the instrument, and payment is received, the following rules apply: (a) The person obtaining payment and a prior transferor of the instrument warrant to the person making payment in good faith that the warrantor is, or was, at the time the warrantor transferred the instrument, a person entitled to enforce the instrument or authorized to obtain payment on behalf of a person entitled to enforce the instrument. (b) The person making payment may recover from any warrantor for breach of warranty an amount equal to the amount paid plus expenses and loss of interest resulting from the breach.

Fla. Stat. § 673.4171(4). As this section states that if any "instrument is presented for payment to a party obliged to pay the instrument, and payment is received . . . [t]he person making

-3-

payment may recover from any warrantor for breach of warranty," it applies in this case. Plaintiff, who made payment, may recover from Defendant, a warrantor, for breach of warranty. Thus, Defendant's Motion to Dismiss for failure to state a cause of action for breach of presentment warranty is denied.

In addition, Defendant moves to dismiss Count III of the Complaint for failure to state a cause of action for conversion. Defendant alleges that Plaintiff seeks the payment of money that is not specifically identifiable and, therefore, is not the proper subject of a claim for conversion. Defendant is correct that a conversion claim for money requires proof that the funds are specific and identifiable. *Tambourine Comercio Int'l SA v. Solowsky*, 2009 WL 378644, No. 08-11192 at *6 (11th Cir. Feb. 17, 2009). The requirement that the money be identified does not permit as a subject of conversion an indebtedness which may be discharged by the payment of money generally. *Belford Trucking Co. v. Zagar,* 243 So. 2d 646, 648 (Fla. 4th DCA 1970) ("[W]here the parties have an open account, and the defendant is not required to pay the plaintiff identical moneys which he collected, there can be no action in tort for conversion."). Thus, a mere obligation to pay money may not be enforced by a conversion action. *Id.* In the instant case, Plaintiff seeks not damages for conversion of a specific, identifiable, stated sum of United States currency, but to enforce an obligation to pay money in general. Thus, Plaintiff cannot state a cause of action for conversion and Defendant's Motion to Dismiss Count III is granted.

Finally, Defendant requests that the Court strike Plaintiff's requests for attorneys' fees as it alleges that Plaintiff asserted no lawful basis for an award of attorneys' fees. As to Count I, Defendant is correct that Plaintiff asserted no basis for attorneys' fees. Thus, Plaintiff's request for attorneys' fees as to Count I is stricken. As to Count II, however, Plaintiff did assert a

statutory basis for attorneys' fees.  Thus, Defendant's request as to Count II is denied.  As the

Court dismissed Count III, Defendant's request as to that count is moot.

Therefore, it is

**ADJUDGED** that Defendant's Motion to Dismiss is GRANTED in part as stated above.

Defendant shall file an answer to the remaining counts in Plaintiff's Complaint by no later than

May 29, 2009.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record